IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SHAQUINN SMITH, | * | |
| Plaintiff, | * | |
| vs. | * | |
| ATHENS GASTROENTEROLOGY ASSOCIATION, P.C., | * | CASE NO. 3:16-CV-122 (CDL) |
| | * | |
| Defendant. | * | |
| | * | |

O R D E R

Plaintiff ShaQuinn Smith claims that her former employer, Defendant Athens Gastroenterology Association, P.C., discriminated against her because of her race. Plaintiff brought claims against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Defendant seeks summary judgment on all of Plaintiff's claims. For the reasons set forth below, Defendant's summary judgment motion (ECF No. 21) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment,

the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.*

Defendant submitted a statement of undisputed material facts with its summary judgment motion. Plaintiff, who is proceeding *pro se*, received a notice regarding the significance of Defendant's summary judgment motion and of her opportunity to respond to the motion and statement of material facts. Notice to Pro Se Party of Mot. for Summ. J., ECF No. 22. Though

2

Plaintiff filed a response brief and some exhibits, Plaintiff did not respond to Defendant's statement of material facts.[1] Therefore, Defendant's statement of material facts is deemed admitted pursuant to Local Rule 56. The Court is still required to review Defendant's citations to the record to determine if a genuine factual dispute exists. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008).

A review of Defendant's citations to the record reveals that Defendant relied heavily on the fact that Plaintiff did not timely serve her response to Defendant's requests for admission. Defendant contends that because Plaintiff did not timely respond to its requests for admission, the matters set forth in the requests for admission are deemed admitted under Federal Rule of Civil Procedure 36(a)(3). The deadline for Plaintiff to respond to the requests for admission was originally July 24, 2017. Plaintiff asked Defendant's counsel for a forty-five day extension. Defendant denied that extension but granted a ten-day extension, until August 4, 2017. Though Plaintiff's response is dated August 4, 2017, she mailed her response four days late, on August 8, 2017. Pl.'s Resp. Ex. 7, Postage Receipt, ECF No. 23-6 at 1. But Plaintiff did ask the Court to

---

[1] Plaintiff's exhibits are (1) an email from her to Defendant's counsel requesting an extension of time to respond to Defendant's requests for admissions, (2) a Christmas card from 2011, (3) Plaintiff's performance appraisals from 2012 and 2013, (4) a quarterly review from 2015, (5) photographs of an office, and (6) Plaintiff's response to Defendant's requests for admissions.

3

consider her response by attaching it as an exhibit to her summary judgment response; the Court construes this act by a *pro se* plaintiff as a motion to withdraw the deemed admissions under Federal Rule of Civil Procedure 36(b), which is granted. The Court thus did not consider any of Defendant's fact statements that are supported solely by the now-withdrawn admissions.[2]

Finally, the Court notes that it reviewed Plaintiff's response brief so that it could understand Plaintiff's arguments. But Plaintiff's response brief is not evidence. At the summary judgment stage, a party asserting that a fact is genuinely disputed "must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). The Clerk further explained to Plaintiff: "If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted in the motion for summary judgment, the Court may accept the factual assertions in the motion as true." Notice to Pro Se

---

[2] Plaintiff's response to Defendant's requests for admissions is not sworn, notarized, or made under penalty of perjury, and the Court does not consider it to be evidence in opposition to Defendant's summary judgment motion. The only effect of Plaintiff's response is that the matters set forth in Defendant's requests for admissions are not deemed admitted.

4

Party of Mot. for Summ. J. Plaintiff's response brief is not sworn or notarized, and it does not state that it was made under penalty of perjury or that it was made on personal knowledge. Therefore, it is not an affidavit or declaration sufficient to oppose summary judgment. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); 28 U.S.C. § 1746 (requiring that an unsworn declaration be made under penalty of perjury to have the same force and effect as a sworn affidavit). And since it is not an affidavit or declaration, it is not evidence.

FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the record reveals the following facts.

Plaintiff began working for Defendant as a medical assistant in January 2010. In 2012, Plaintiff was transferred to an endoscopy secretary position. Plaintiff had a baby in 2014 and took maternity leave. When she returned from maternity leave, Plaintiff was transferred to a pathology technician position "[d]ue to infractions." Williams Aff. ¶ 5, ECF No. 5-3. It is undisputed that her pay rate and benefits remained the

same.  It is also undisputed that Plaintiff received a $500 bonus in 2014, as well as a raise.

Plaintiff admits that she used the wrong marker to label biopsy cassettes in January 2015; the writing came off during processing, and this mistake resulted in delayed test results. Although Plaintiff appears to believe that someone planted the wrong type of marker in her work area in an attempt to sabotage her, there is no evidence in the present record that Defendant took any action against Plaintiff due to the marker incident.

At some point, Plaintiff decided to go back to school, and she asked Defendant to allow her to leave work early several days a week so she could attend classes.  Defendant accommodated the scheduling request.  Plaintiff asserts in her response brief that Defendant did so by placing her on part-time status without health insurance, but she did not point to any evidence on this point.  As discussed above, Plaintiff's response brief is not evidence.

Plaintiff resigned from her position in May 2015.  She appears to contend in her response brief that she did so because (1) she was moved to an office in the back of the building away from patients and other employees, (2) she did not receive medical assistant training that other employees received, and (3) Defendant rehired an employee who had been terminated for rude behavior and racial comments on Facebook.  Although

Plaintiff made these assertions in her response brief, Plaintiff's response brief is not evidence for the reasons explained above. Plaintiff did not point to any evidence to support these assertions.

DISCUSSION

In her Amended Complaint, Plaintiff appears to make claims based on: (1) the transfer from endoscopy secretary to pathology technician; (2) the amount of her 2014 bonus and raise; and (3) her resignation. Defendant argues that Plaintiff's resignation is not an adverse employment action within the meaning of Title VII and that she did not present sufficient evidence to establish that any other actions were because of her race. The Court addresses each claim in turn.

I. **Proof Required for Plaintiff's Claims**

A plaintiff may prove employment discrimination with direct or circumstantial evidence. Plaintiff did not present any direct evidence of discrimination, but she may rely on circumstantial evidence of discriminatory intent under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1191 (11th Cir. 2016). Under that framework, a plaintiff must "create an inference of discrimination through her prima facie case." *Id.* To establish a prima facie case of discrimination to avoid summary judgment,

7

an employee may point to evidence that creates a genuine factual dispute on the following elements: (1) she is a member of a protected class, (2) she was qualified to do the job, (3) her employer subjected her to an adverse employment action, and (4) her employer treated similarly situated individuals outside of her protected class more favorably. *Id.* at 1192. Once the plaintiff establishes a prima facie case, the employer may articulate "one or more legitimate non-discriminatory reasons for its action." *Id.* at 1191 (quoting *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010)). If the employer does so, then the plaintiff must "produce evidence that the employer's proffered reasons are pretext for discrimination." *Id.*

**II. Transfer to Pathology Technician Position**

Defendant argues that Plaintiff cannot make out a prima facie case of race discrimination based on her transfer to the pathology technician position because she did not present evidence that a similarly situated employee was treated more favorably than she was.[3] The Court agrees. Even if the Court assumes for summary judgment purposes that this transfer—which

---

[3] In its reply brief, Defendant argued for the first time that the transfer was not an adverse employment action within the meaning of Title VII. Defendant did not raise the argument in its opening brief, and Plaintiff thus did not have an opportunity to respond to it. As counsel should know, "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984).

resulted in no change to Plaintiff's pay or benefits—was an adverse employment action within the meaning of Title VII, Plaintiff did not present evidence that employees outside her protected class were treated more favorably than she was. Plaintiff *argues* that other employees were permitted to return to their original position following an extended leave and that she was not, but she did not present any *evidence* on this point. Without such evidence, Plaintiff cannot meet her burden to establish a prima facie case of race discrimination based on her transfer to the pathology technician position. Defendant is thus entitled to summary judgment on Plaintiff's claim based on this employment action.

**III. 2014 Raise and Bonus**

Defendant does not dispute that it would be an adverse employment action within the meaning of Title VII if it gave similarly situated employees outside Plaintiff's protected class larger raises and bonuses than it gave Plaintiff. But Plaintiff did not point to any *evidence* that any employee outside her protected class who was similarly situated to her in all relevant respects received a larger raise or bonus than she did. Again, Plaintiff's *argument* in her response brief is not evidence. Without evidence that similarly situated employees received larger raises and bonuses in 2014, Plaintiff cannot meet her burden to establish a prima facie case of race

9

discrimination based on her 2014 raise and bonus. Defendant is thus entitled to summary judgment on Plaintiff's claim based on her 2014 raise and bonus.

**IV. Plaintiff's Resignation**

Defendant argues that Plaintiff's resignation is not an adverse employment action because Plaintiff resigned voluntarily.[4] In her response brief, Plaintiff contends that she did not resign voluntarily and that she resigned because (1) she was moved to an office in the back of the building away from patients and other employees, (2) she did not receive medical assistant training that other employees received, and (3) Defendant rehired an employee who had been terminated for rude behavior and racial comments on Facebook. She also appears to argue that someone in the office tried to sabotage her by placing the wrong kind of marker in her work area and that she was placed on part-time status after she asked Defendant to accommodate her class schedule. But Plaintiff did not point to any *evidence* of these actions. So even if these alleged actions, taken together, could have made Plaintiff's working conditions so intolerable that a reasonable employee in her position would have felt compelled to resign, Plaintiff did not

---

[4] In its reply brief, Defendant argued for the first time that any claim based on Plaintiff's resignation is barred for failure to exhaust administrative remedies. Again, the Court cannot consider arguments raised for the first time in a reply brief. *Oakley*, 744 F.2d at 1556.

present any *evidence* to support this claim. *Cf. Akins v. Fulton Cty., Ga.*, 420 F.3d 1293, 1302 (11th Cir. 2005) (explaining that a plaintiff pursuing a constructive discharge claim "must produce substantial evidence that conditions were intolerable"). Instead, she presented these arguments in her response brief, which is not evidence. Defendant is therefore entitled to summary judgment on any claim arising out of Plaintiff's resignation.

CONCLUSION

Because Plaintiff failed to point to evidence to create a genuine fact dispute on her claims, the Court grants Defendant's summary judgment motion (ECF No. 21).

IT IS SO ORDERED, this 9th day of November, 2017.

<u>S/Clay D. Land</u>
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA